The Comm'rs of the Town of Brunswick, et. al. vs. Urbanus Dart and Wm. B. Davis.

### In Equity.

The fact that *fraud* has been committed, will not *per se*, entitle complainants to redress in a Court of Equity, if a plain and adequate remedy at law can be afforded them.

Demurrer sustained for want of equity, where it appeared by complainants' bill, that they held the *senior* grants to the land in dispute, and that the *junior* grants issued by the State of Georgia to defendants, were examinable collaterally at law, the State having *no title* to the lands thus granted, and such grants having issued contrary to the prohibition of a *statute*.

Neither the legal nor equitable title to the *vacant* lands in the town of Brunswick resides in the Commissioners. If the State has made an improvident or mistaken grant thereof, the State only can take advantage of it.

### By ROBERT M. CHARLTON, Judge.

THIS is a bill filed by the Commissioners of the town of *Brunswick* and certain proprietors, (the *Jacksons*,) of lots situated therein, to set aside two grants issued by the State of Georgia to defendants, upon warrants obtained by them on *head rights* located on the town and common of Brunswick. The bill alleges that in September, 1826, *Urbanus Dart*, of the county of Glynn, then deputy Surveyor, and *Wm. B. Davis*, by virtue of warrants issued on head rights by the Land Court of said county, surveyed 369½ acres of land within the limits of the town and commons of Brunswick, in two separate surveys, both made by defendant *Dart* in his official capacity, in direct violation of the Acts of the Legislature in relation to said town, and of the rights of the proprietors ; that *Dart* being threatened with a prosecution for these surveys, and suit commenced against him, wrote a letter to one of the Commissioners, informing him that he would withdraw the warrants, and abstain from all further proceedings thereon :—that upon the faith of this letter and of the promise of *Dart*, the Commissioners did not prosecute him for

his wrongful act in making these surveys—but that *Dart* and *Davis*, long after the said surveys were made, to wit, on the 17th September, 1828, without the knowledge of complainants and with intention to defraud them, and contrary to the promise of said *Dart*, obtained grants from his Excellency the Governor, founded on the surveys: that the Commissioners were deceived by the said letter and promise of said *Dart*, and took no steps to enter a caveat against the proceedings of said *Dart* and *Davis*, which they otherwise would have done—that said *grants* include the whole or the greater part of the town of Brunswick and the public streets thereof, and that the whole of the land included therein, had been granted or otherwise entirely disposed of by the State of Georgia, and placed under the control and direction of the Commissioners, and that no part thereof was vacant or subject to warrants on head rights at the time of the surveys of *Dart* and *Davis*: that said *Dart and Davis* now claim to hold the land thus granted, in violation of the rights of complainants as Commissioners and proprietors; and the bill then prays that the said grants may be declared fraudulent and void, and be cancelled, &c.

To this bill the defendant *Dart* has demurred, (the defendant *Davis* not having been served with a copy of the bill, &c.) assigning various causes for demurrer, the principal of which is, that the bill contains not any matter of equity, wherein this Court can give relief, and that there is a plain and adequate remedy at law.

It is urged in answer to the arguments adduced in favor of the demurrer, that whenever a fraud has been perpetrated, you may come into a Court of Equity, and particularly when the fraud relates to grants, and that this is the proper proceeding to set aside letters patent.

Although it is undoubtedly true, that fraud is one of the great sources of Chancery jurisdiction, it is not correct to say, that

it is exclusively cognizable therein. It is, in many cases, cogni-zable in a Court of law, and sometimes exclusively cognizable there. (1 *Story's Eq.* 68.)  The fact, therefore, that fraud has been com-mitted, will not *per se* entitle the complainants to redress in a Court of Equity, if a plain and adequate remedy at law can be af-forded them.   If the aid of a Court of Equity is not indispensably necessary, to secure them from the violation of their rights, or the consequences of the fraud that has been perpetrated, they must seek their remedy in a proper tribunal.   It will be proper, there-fore, to examine this matter, in order that it may be ascertained whether the complainants may not thus protect themselves in a Court of Law.

It is argued for defendants, that the complainants, the *Jacksons*, by their own shewing, have a legal title to the lots claimed by them; that the grants which they hold are *senior* grants, and that there-fore they cannot be affected by the *junior* grants to defendants; and that as defendants' grants are founded on warrants and sur-veys, obtained under the law of head rights, and can therefore em-brace only *vacant* lands, that the lots held by the *Jacksons* cannot be affected by such grants, and that they may be amply protected by a Court of law; and I confess that it seems to me, that these arguments are unanswerable. I cannot conceive how the *Jacksons* can be injured by these grants, or what relief they would seek from a Court of Equity. In an action of ejectment brought against, or by the *Jacksons*, their elder grant would be sufficient to en-sure or protect their rights—and if the State had no title to the lands granted to *Dart* and *Davis*, as the complainants allege it had not, the matter is properly examinable at law; and this argument has greater strength, from the additional fact shewn by the com-plainants, that the Act of 1796 made it penal to attempt to run any part of the said town or commons of Brunswick, under any pre-tence whatsoever; and that said grants were, therefore, by com-plainants own shewing, prohibited by statute and might therefore,

be impeached collaterally, in a Court of law, in an action of eject-
ment.   (See *Patterson* vs. *Winn*, 11 Wheaton's Rep. 384, 5.)

And in reference to the title of the Commissioners, and to their
right to come into Equity, to procure the cancellation of these grants
to *Dart* and *Davis*, after the most careful and deliberate investiga-
tion of the numerous Acts relating to their authority, and to the
town of Brunswick, it appears to me, that they have no right as
Commissioners, to come into a Court of Equity, to set aside the
grants made by the State; that neither the legal nor equitable title
to the *vacant* lands in the town of Brunswick, resides in the Com-
missioners, and that if the State has made an improvident or mis-
taken grant, the State only can take advantage of it.   (See *Jackson*
vs. *Lawton*, 10 John. Rep. 24.)

The demurrer must therefore be sustained, and the bill dis-
missed.

L. S. D'LYON and C. S. HENRY, in support of demurrer—R.
R. CUYLER, contra.